UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CAMEEL HALIM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-10492 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| AHLERS & OGLETREE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cameel Halim filed a one-count Complaint against Defendant Ahlers & Ogletree, Inc. ("Ahlers"), alleging breach of express warranty. Defendant moves to dismiss Plaintiff's Complaint pursuant Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, for *forum non conveniens*. For the reasons discussed below, Defendant's Motion to Dismiss [12] is granted. Defendant's Motion to Dismiss for *Forum Non Conveniens* [13] is denied as moot.

## BACKGROUND

The following facts are drawn from the Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Plaintiff is a resident of Winnetka, Illinois. (Compl. ¶ 1.) Ahlers is an auction gallery located and doing business in Atlanta, Georgia. (Compl. ¶ 2.) Plaintiff's Complaint arises out of his purchase of two items, bid on via telephone, at an auction hosted by Ahlers. (Compl. ¶ 11.) The auction was held on June 28, 2015, and was titled "Summer Estate Auction" (the "Auction"). Plaintiff alleges that he received an email from Ahlers, inviting him to participate in the Auction. (Compl. ¶ 8.) After reviewing a catalog for the Auction on Ahlers' website, Plaintiff downloaded a telephone bid form (the "Bid Form"), filled it out, and submitted it to

Ahlers. (Compl. ¶¶ 9,10.) The Bid Form is a three-page document that contains Ahler's Terms and Conditions of Sale ("Terms and Conditions"). (Dkt. 12 Exh. A.) Plaintiff included his name, the name of his business, his billing address, phone numbers, his credit card information, and listed the two lots he intended to bid on by telephone, Lot 287 "Robert Henri Painting" and Lot 285 "Emperor Qianlong Calligraphy Couplet on Pink Silk". (Dkt. 12 Exh. A.) The Bid Form states that the name of the bidder's business is HTGM Holdings LLC and lists its address as 816 Solar Isle Drive, Fort Lauderdale, FL, 33301. (Id.)

On June 24, 2015, Elizabeth Rickenbaker, an employee at Ahlers, sent Plaintiff two emails. The first invited Plaintiff to bid on several other suggested lots, and the second provided Plaintiff with condition reports on Lots 285 and 287. (Compl. ¶¶ 14, 15.) On June 28, 2015, Plaintiff bid on Lots 285 and 287 and was the successful bidder. (Compl. ¶¶ 18-20.) After the Auction, Ahlers sent Plaintiff an invoice for both lots and charged Plaintiff's American Express account $26,620.00. (Compl. ¶¶ 21-22.) On or about July 20, 2015, Plaintiff advised Ahlers that the two items he purchased at the June 28, 2015 Auction were not as represented in the catalog descriptions, specifically that Lot 285 was not comprised of two Imperial scrolls, and Lot 287 was not a painting by Robert Henri. (Compl. ¶ 24.)

On October 14, 2015, Plaintiff filed a Complaint against Ahlers in the Circuit Court of Cook County, Illinois, for breach of express warranty. (Dkt. 12.) The action was then removed to this Court pursuant to 28 U.S.C. 1332 and 1441(a). Ahlers now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative, pursuant to the doctrine of *forum non conveniens*.

# ANALYSIS

## *Motion to Dismiss for Lack of Personal Jurisdiction*

A defendant may move to dismiss a claim for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The plaintiff bears the burden of demonstrating the existence of jurisdiction over the defendant once jurisdiction has been challenged. *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 2003). In Illinois, a federal district court has personal jurisdiction over a nonresident party only if an Illinois state court would have jurisdiction over that party. *Id.* at 1275 (citations omitted). For an out-of-state defendant to be sued in Illinois, two criteria must be met: (1) jurisdiction must be authorized by the Illinois long-arm statute, and (2) the defendant must have minimum contacts with Illinois significant enough that personal jurisdiction does not violate due process. *FMC Corp. v. Varonos,* 892 F.2d 1308, 1310 (7th Cir. 1990); *Keefe v. Simons*, No. 13-CV-00931, 2013 WL 3243110, at *2 (N.D. Ill. June 25, 2013).

Defendant argues that Plaintiff cannot demonstrate that this Court has either general or specific personal jurisdiction. Plaintiff concedes that this Court does not have general jurisdiction, instead arguing that Ahlers is subject to specific jurisdiction because it purposefully directed its commercial activities at Illinois. Specific jurisdiction can be found if the following requirements are met: (1) the defendant purposefully availed himself of or directed his activities at the state; (2) the alleged injury arose from those activities; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). An out-of-state party's contract with an in-state party is not enough to establish the requisite minimum contacts. *Id.* at 478. Prior negotiations, contemplated future consequences, along with the terms of the contract and the party's actual

course of dealing must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant. *Id.* at 479.

To determine whether the defendant purposefully availed itself with the state, Illinois courts consider: (1) who initiated the transaction, (2) where the contract was negotiated, (3) where the contract was formed, and (4) where performance of the contract was to take place. *Wilson v. Liebel Holdings LLC,* 687 F. Supp. 2d 802, 806-807 (N.D. Ill. 2010). Plaintiff asserts that Ahlers initiated the transaction at issue by emailing him and inviting him to participate in the Auction and that Ahlers' arrangement for the shipping of the purchased items to Plaintiff's residence in Illinois constituted performance of the express warranty. Plaintiff makes no argument that the other two factors weigh heavily in his favor, instead noting that the location of the formation of the express warranty is "inconclusive" and that the second factor, where the contract was negotiated, does not weigh in favor of either party. However, the contract between Plaintiff and Ahlers was formed when Plaintiff's bid was accepted by Ahlers in its place of business in Georgia. As to the fourth factor, performance of the contract between the parties occurred when the items in question were purchased, not when they were delivered, as asserted by Plaintiff. Thus, performance of the contract also took place in Georgia.

Defendant argues that Plaintiff affirmatively stated that his address was in Fort Lauderdale, Florida, and that Plaintiff alleges no facts or evidence that Ahlers knew or had any reason to know that Plaintiff was located in Illinois when they initiated contact with him. Plaintiff argues that Ahlers should have known that he resided in Illinois because he told an Ahlers representative on a telephone call that he lived in Illinois and would not be paying Georgia sales tax on any items purchased at the Auction, that all three telephone numbers listed on his Bid Form had Illinois area codes, and that all email communications with Ahlers were

4

time stamped with times in the Central Time Zone. However, these facts do not sufficiently support that Ahlers would have reasonably foreseen that litigation arising from this dispute would occur in Illinois. Plaintiff's contact numbers are insufficient indicators of his location, as these numbers could have been cell phone numbers, which do not necessarily identify the phone user's location. Similarly, the location in which Plaintiff wrote any email communications is not an indication of his residence. Emails can be written in any time zone with internet availability, and a time stamp is not a firm indication of location. Regardless of Plaintiff's alleged instructions to Ahlers over the telephone, any initial contact between Plaintiff and Ahlers occurred prior to Ahler's knowledge of Plaintiff's address; and Plaintiff's Bid Form specifically stated his address was in Florida. Ahlers could not have purposefully directed its actions toward Illinois in the course of its dealings with Plaintiff because they were not aware that is where Plaintiff was located.

Thus, Ahlers could not have purposefully availed itself or directed his activity at Illinois. Even accepting all well-pleaded facts alleged in the Complaint as true, Plaintiff fails to allege any facts supporting his claim that Ahlers was aware he was located in Illinois.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [12] for lack of personal jurisdiction is granted. Defendant's Motion to Dismiss for *Forum Non Conveniens* [13] is denied as moot.

Date: \_\_\_\_\_June 28, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge